# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>v.<br><br>SAMUEL MATEO-MARTINEZ,<br><br>                Defendant-Appellant. | Case No.: 19-MJ-23373-MSB-GPC<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE DECISION**<br><br>**[ECF No. 51]** |

## INTRODUCTION

Samuel Mateo-Martinez was convicted of attempted improper entry under 8 U.S.C. § 1325(a)(1) in a bench trial before a magistrate judge.  ECF No. 46.  He timely appealed the conviction to this Court, ECF No. 51; Fed. R. Crim. P. 58 (g)(2)(B), which has jurisdiction to review the magistrate's decision pursuant to 18 U.S.C. § 3402.  Mateo-Martinez filed an Opening Brief, the Government responded with an Answering Brief, and Mateo-Martinez filed a Reply Brief.  ECF Nos. 66, 68-69.  The Court finds the matter is appropriate for decision on the papers and hereby VACATES the hearing previously scheduled for January 12, 2024.

The Court AFFIRMS Mateo-Martinez's conviction.

## BACKGROUND

A U.S. Border Patrol Agent, Roberto Galaz, arrested Mateo-Martinez on August 14, 2019. ECF No. 66-1 at 2, 5, 15-16.[1] The agent was dispatched to a relatively remote area a few miles north of the U.S.-Mexico border after a remote image sensor issued an alert. *Id.* at 6. Upon reaching the sensor, the agent found and began to follow a series of footsteps heading north. *Id.* at 10-11. After about an hour of tracking on foot, the agent found Mateo-Martinez and three other individuals "inside a big bush." *Id.* at 14. The agent, a fluent Spanish speaker, asked each of the individuals, in Spanish, their citizenship, nationality, and whether they had documentation to be in the U.S. *Id.* at 14-15. Mateo-Martinez responded in Spanish that he was a Mexican citizen and national and did not have documents authorizing him to be in the United States. *Id.* at 15. The agent did not ask if anyone was a U.S. citizen or how the individuals entered the U.S. *Id.* at 16. The agent then arrested Mateo-Martinez and the others. *Id.* at 15-16. At the time the arrest occurred, there was "a large fire" in Mexico, and the Agent could see the smoke. *Id.* at 16-17.

The area in which Mateo-Martinez was apprehended was about two miles from the U.S.-Mexico border and seven miles away from the nearest Port of Entry. *Id.* at 9. The nearest homes were a mile or two farther north. *Id.* There were no paved roads or marked trails in the vicinity, and the dirt roads were not publicly accessible. *Id.* at 8, 10. According to the agent, the area is commonly used by individuals crossing the border improperly, who have created informal trails. *Id.* at 10.

The day after the arrest, Mateo-Martinez was charged with violating § 1325(a)(1) for attempted improper entry. ECF No. 1 at 1. On November 4, 2020, he proceeded to a bench trial in front of a magistrate judge. ECF No. 46. During the very brief trial, the

---

[1] Page numbers reflect CM/ECF pagination.

Government presented one witness, Agent Galaz, who testified as to how he found Mateo-Martinez, the location in which he found him, the questions he asked him, and the fire. *See generally* ECF No. 66-1. Mateo-Martinez did not present any witnesses or evidence. *See id.* The magistrate judge found him guilty, explaining (1) that the Government had proved alienage—that Mateo-Martinez was not an American citizen—based on Mateo-Martinez's admission that he was a Mexican citizen and the circumstances and location of his apprehension, and (2) Mateo-Martinez had not presented enough information about the seriousness or proximity of the fire to make out a duress defense. *Id.* at 21-23. Mateo-Martinez timely appealed. ECF No. 51.

## STANDARD OF REVIEW

A district court's review of a magistrate judge decision has the same scope as the court of appeals' review of a district court. Fed. R. Crim. P. 58(g)(2)(D) ("The defendant is not entitled to a trial de novo by a district judge."). The Court reviews the magistrate judge's legal conclusions de novo, *United States v. Biotronik, Inc.*, 876 F.3d 1011, 1016 (9th Cir. 2017), and its findings of fact for clear error, *United States v. Brobst*, 558 F.3d 982, 998 (9th Cir. 2009).

## DISCUSSION

Mateo-Martinez raises five challenges to his conviction: (1) the magistrate judge improperly considered the fire as part of an affirmative duress defense, for which Mateo-Martinez carried the burden, instead of as a mens rea defense to specific intent, an element of the crime for which the Government bore the burden; (2) the Government failed to prove alienage beyond a reasonable doubt; (3) the magistrate judge improperly admitted Agent Galaz's testimony about Mateo-Martinez's Spanish-language statements; (4) the Government failed to prove that Mateo-Martinez's improper entry occurred "on or about August 14, 2019" as charged in the complaint; and (5) § 1325 violates the Fifth Amendment's equal protection guarantee. *See* ECF No. 66 at 2-3.

I. **The magistrate judge's error in considering the wildfire only as part of a duress defense was harmless.**

To show that Mateo-Martinez is guilty of attempted improper entry under § 1325, the Government must prove beyond a reasonable doubt that Mateo-Martinez had the "'specific intent to enter free from official restraint,' which means intent to 'go at large within the United States' and 'mix with the population.'" *United States v. Cabrera*, 83 F.4th 729, 733 (9th Cir. 2023) (cleaned up) (quoting *United States v. Castillo-Mendez*, 868 F.3d 830, 836 (9th Cir. 2017)). Mateo-Martinez contends that the magistrate judge erred by considering the wildfire in Mexico only in the context of whether Mateo-Martinez had shown the affirmative defense of duress, instead of analyzing it as a mens rea defense to specific intent "to enter free from official restraint"—effectively shifting the burden from the Government to Mateo-Martinez. ECF No. 66 at 13-16. The Government responds that the magistrate judge made no such error, but in the alternative, that the error was harmless. ECF No. 68 at 14-15. Because this is a legal question, the Court reviews it de novo. *See United States v. Brobst*, 558 F.3d 982, 998 (9th Cir. 2009) (improper burden shifting reviewed de novo); *United States v. Aldana*, 878 F.3d 877, 880 (9th Cir. 2017) (sufficiency of the evidence challenges reviewed de novo).

The magistrate judge's oral decision did not discuss the element of specific intent to enter the United States. *See* ECF No. 66-1 at 21-23 (absence). But the decision stated the following about the fire:

> Finally, as to the fire . . . I would note that certainly duress can be a defense, but in order to prove that, there must be an immediate threat of death or serious bodily injury. We know there was a fire, but I don't know—quite frankly, there was no evidence as to the seriousness of it nor how close Mr. Mateo-Martinez actually had been to it. It also requires a well-grounded fear that the threat would be carried out; in other words, that he would be consumed by the fire and a lack of reasonable opportunity to escape said threat. And there's been no indication or testimony that he had to cross in order to escape the fire and that was the only avenue for him to escape.

> So taking all those factors into consideration, I do not find a valid duress defense here, and I do believe the government has proven their case beyond a reasonable doubt.

*Id.* at 22-23.  This language gives no indication that the magistrate judge considered the wildfire in his specific intent analysis; rather, it demonstrates that he considered the fire only as a duress defense.  The Court agrees with Mateo-Martinez that this is an error. The presence of a large wildfire in Mexico close to the U.S. border could prompt individuals to enter the United States without the specific intent to "go at large" or "mix with the population"—a relevant consideration in determining whether the Government had shown specific intent.  *Cabrera*, 83 F.4th at 733 (citation omitted); *see also United States v. Castillo-Mendez*, 868 F.3d 830, 833 n.2, 839 (9th Cir. 2017).  Thus, it was error not to consider the fire in the specific intent analysis.

Nonetheless, the error was harmless.  The Ninth Circuit has held that "[w]hen a district court in a bench trial has made a legal error regarding the elements of an offense, the error is reviewed using the same harmless error standard that would apply to an erroneous jury instruction."  *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016).  And that standard dictates that such an error is harmless "if it is clear beyond a reasonable doubt that a court would have found the defendant guilty absent the error." *United States v. Lozoya*, 19 F.4th 1217, 1218 (9th Cir. 2021).  "Accordingly, the question here is whether it is clear beyond a reasonable doubt that the [magistrate judge] would have found [the defendant] guilty absent the error."  *Argueta-Rosales*, 819 F.3d at 1156.

Here, Agent Galaz apprehended Mateo-Martinez about two miles from the border, seven miles from the closest port of entry, and a mile or two from any residences.  ECF No. 66-1 at 9-10.  The area had no paved or public roads or marked trails.  *Id.* at 10-11. Mateo-Martinez was hiding in a bush with three others when Agent Galaz found him, and he did not come out until ordered to do so.  *Id.* at 13-15.  Agent Galaz asked Mateo-Martinez and the others a few questions about their citizenship, but no one said anything

about the fire. *Id.* at 14-15 (absence). The only evidence in the record about the wildfire is that there was a "large fire" in Mexico ongoing at the time of the arrest and that Agent Galaz was able to see its smoke. *Id.* at 17. As the magistrate judge noted, "there was no evidence as to the seriousness of [the fire] or how close Mr. Mateo-Martinez actually had been to it." *Id.* at 22.

The very brief and vague testimony about the fire does little to detract from the Government's evidence which indicates that Mateo-Martinez was attempting to evade Border Patrol by hiding in a remote location. As the Ninth Circuit explained, an individual's presence in the United States "is circumstantial proof [of voluntary entry] that is convincing unless explained away[.]" *United States v. Quintana-Torres*, 235 F.3d 1197, 1200 (9th Cir. 2000). And that there was a fire of unknown severity some unknown distance away does not provide a convincing explanation for Mateo-Martinez's presence.

Mateo-Martinez argues that *Argueta-Rosales*—which held that the district court's erroneous instruction about the specific intent element of attempted improper reentry was not harmless—controls because in that case, like here, there was evidence suggesting both that the defendant entered with specific intent and without it. 819 F.3d at 1157-58; ECF No. 66 at 15. But in *Argueta-Rosales*, the evidence that the defendant entered without specific intent was much stronger. In addition to crossing the border "in broad daylight in a heavily patrolled area," walking normally when he encountered Border Patrol, and refusing the opportunity to climb back over the fence into Mexico, the defendant was indisputably suffering from delusions, which he argued caused him to want to seek protection in the U.S. from people chasing him. 819 F.3d at 1158. The vague evidence of a fire is much weaker evidence that Mateo-Martinez entered without specific intent. Accordingly, the Court finds that it is clear beyond a reasonable doubt that the trial court would have found Mateo-Martinez guilty even if the magistrate judge

had considered the wildfire in the specific intent analysis. The error was therefore harmless.

## II. The Government presented sufficient evidence to prove alienage.

In addition to specific intent, the Government must also prove that Mateo-Martinez was not a citizen of the United States, i.e. alienage. 8 U.S.C. § 1325. Mateo-Martinez challenges the sufficiency of the Government's proof on this element. "Sufficient evidence supports [Mateo-Martinez's] conviction if 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Sotelo*, 109 F.3d 1446, 1448 (9th Cir. 1997) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The Government's primary evidence that Mateo-Martinez was not a U.S. citizen is his admission that he was a citizen and national of Mexico. ECF No. 66-1 at 14-15. According to Agent Galaz's testimony, he asked Mateo-Martinez what country he was a citizen of and Mateo-Martinez answered "Mexico." ECF No. 66-1 at 14-15. The Agent then asked what his nationality was and Mateo-Martinez answered "Mexican." *Id.* at 15. Mateo-Martinez argues that these statements were not an admission of alienage. ECF No. 66 at 16-18. Specifically, he contends that his answers did not preclude dual citizenship because he did not say that he was *not* a U.S. citizen. *Id.* at 17-18. But this argument defies common sense. If Mateo-Martinez was a dual citizen, he would have answered Border Patrol accordingly: that he was a citizen of the United States and Mexico. When directly asked what his citizenship was, Mateo-Martinez said Mexico, therefore admitting to his alienage.

Still, under the corpus delicti doctrine, a defendant's admissions require corroborating evidence to support a conviction. *United States v. Lopez-Alvarez*, 970 F.2d 583, 589 (9th Cir. 1992). "To satisfy the corroboration requirement, the Government must introduce independent evidence tending to establish the trustworthiness of the

admissions, unless the confession is, by virtue of a special circumstances, inherently reliable." *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997) (citation and internal quotation marks omitted).  The doctrine "does not require the government to introduce evidence that would be independently sufficient to convict the defendant in the absence of the confession.  Rather, it requires evidence sufficient to corroborate the defendant's confession." *United States v. Valdez-Novoa*, 780 F.3d 906, 923 (9th Cir. 2015).  "[C]orpus delicti does not impose a high bar for the government to clear." *United States v. Gonzalez-Godinez*, --- F.4th ---, 2024 WL 26675, at *4 (9th Cir. Jan. 3, 2024). The Court reviews corroboration for clear error.  *Id.* at *2.

Mateo-Martinez argues that the only corroborative evidence presented by the Government was "mode of entry evidence, namely the testimony of Agent Galaz that he apprehended Mr. Mateo-Martinez in a remote location near the international border," and that mode of entry evidence is insufficient to corroborate an admission of alienage.  ECF No. 66 at 20-21.  He contends that the Ninth Circuit's caselaw regarding alienage always rests on multiple types of evidence. *Id.* at 21-23.  The Government responds that Mateo-Martinez's admission is adequately corroborated by (1) the testimony that Mateo-Martinez "was found in a remote area near the border that was closed to the public and frequented by persons attempting to enter the United States from Mexico," ECF No. 68 at 17; (2) the testimony that Mateo-Martinez "was hiding in a bush and did not present himself when Agent Galaz approached," *id.* at 18; and (3) Mateo-Martinez lacks documentation authorizing him to enter the United States, *id.*  It also argues that mode of entry evidence can be sufficient corroboration on its own. *Id.* at 19.

The Court agrees with the Government that mode of entry evidence is not categorically insufficient corroboration of an admission of alienage.  The Ninth Circuit has stated as much. *United States v. Garcia-Villegas*, 575 F.3d 949, 951 (9th Cir. 2009). *Garcia-Villegas* explained that:

> [W]e explicitly declined [in a previous case] to hold that any individual piece of evidence presented by the government, including the mode of entry evidence, was by itself sufficient to corroborate the defendant's admissions. That was not the case before us then. It is the case before us now. Here, the mode of entry evidence comes not only from the defendant but also from two independent sources. That is sufficient to provide the corroboration.

*Garcia-Villegas*, 575 F.3d at 951. While it is true, as Mateo-Martinez points out, that most of the Ninth Circuit cases regarding corroboration involved more evidence of alienage than presented here, *see, e.g.*, *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1158 (9th Cir. 2000) (holding that a prior deportation order and testimony regarding defendant's immigration documents were sufficient corroboration), Mateo-Martinez does not point to a single case in which the court found an admission of alienage *not* sufficiently corroborated. All that is required is simply "independent evidence tending to establish the trustworthiness of the admissions[.]" *Hernandez*, 105 F.3d at 1332.

      Here, the Government's evidence establishes the trustworthiness of Mateo-Martinez's admission that he is not a U.S. citizen. An independent source, Agent Galaz, testified that he found Mateo-Martinez with three others in a remote area near the border with no paved or public roads or marked trails and that the area is often used to cross the border improperly. ECF No. 66-1 at 9-11. He also testified that Mateo-Martinez and the others were hiding in a bush and did not come out until he ordered them. *Id.* at 13-14. The location, that Mateo-Martinez was hiding, and the fact that Mateo-Martinez does not have documentation authorizing him to be present in the United States sufficiently corroborate his admission of alienage. *See Gonzalez-Godinez*, --- F.4th ---, 2024 WL 26675, at *4 (holding that defendant's two confessions were corroborated by evidence (1) that he was sliding away from the border fence or hiding in a "remote, easy-to-cross area" and (2) that the conditions under which he was discovered matched the details of his confession); *United States v. Navarro-Zuniga*, No. 19-MJ-23353, 2023 WL 4491737, at *5 (S.D. Cal. July 12, 2023) (holding that evidence that the "defendant was found hiding

9

by a bush about a mile from the U.S.-Mexico border in a remote area (1) closed to the public and (2) known as a common point for illegal entry" was sufficient corroboration); *United States v. Vera-Rivas*, No. 19-CR-3622, 2023 WL 2390533, at *3 (S.D. Cal. Mar. 7, 2023) (holding that defendant's admissions "were corroborated by the fact that he was encountered over 8 miles from the nearest Port of Entry in an area known to be utilized by illegal entrants," was initially hiding in the brush, and had no documents authorizing him to be in the U.S.).  As such, the magistrate judge did not clearly err in finding that Mateo-Martinez's admission was corroborated.  A rational trier of fact could have found that Mateo-Martinez was not a U.S. citizen beyond a reasonable doubt, *see Sotelo*, 109 F.3d at 1448, and that sufficient evidence supports a finding of alienage.

**III.    The magistrate judge properly admitted Agent Galaz's testimony regarding Mateo-Martinez's Spanish-language statements.**

During trial, Agent Galaz testified, in Spanish and English, as to the questions he asked Mateo-Martinez in Spanish and Mateo-Martinez's Spanish-language answers. ECF No. 66-1 at 14-15.  Mateo-Martinez now challenges the admission of this testimony as hearsay and expert testimony by a lay witness.  ECF No. 66 at 23-28.

The Court reviews the magistrate judge's evidentiary decisions for an abuse of discretion.  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008).  A trial court abuses its discretion when it "fails to apply the correct legal standard or bases its decision on unreasonable findings of fact."  *Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (citation omitted).  Because Mateo-Martinez did not object at trial, he must also meet the plain error standard, which allows reversal only when the error was plain, affected substantial rights, and seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011).

Mateo-Martinez first argues that Agent Galaz's testimony in English of Mateo-Martinez's Spanish-language statements was hearsay because Agent Galaz did not act as

1  a "mere language conduit" under *United States v. Nazemian*, 948 F.2d 522, 528 (9th Cir.
2  1991). ECF No. 66 at 24-25. The Government contends that *Nazemian* is inapplicable
3  and that the statements were properly admitted as statements of a party-opponent under
4  Federal Rules of Evidence ("FRE") 801(d)(2). ECF No. 68 at 23-25.

5        The Court agrees that the statements were properly admitted. *Nazemian* addressed
6  "how to treat extrajudicial statements made through an interpreter when the testifying
7  witness was unable to understand the original language of the declarant and can testify
8  only to the words of the interpreter." 948 F.2d at 526. As multiple other courts in this
9  district have held, *Nazemian* is not applicable where, as here, the testifying witness and
10 the defendant spoke in a non-English language and the witness relayed that conversation
11 to the trial court in English. *United States v. Rios-Bautista*, No. 19-CR-2883, 2023 WL
12 4280795, at *2 (S.D. Cal. June 29, 2023); *United States v. Lucas-Hernandez*, No. 19-MJ-
13 24522, 2022 WL 1556161, at *4 (S.D. Cal. May 17, 2022); *United States v. Zepeda-*
14 *Rodriguez*, No. 19-MJ-24357, 2022 WL 1289691, at *5 (S.D. Cal. Apr. 29, 2022). As
15 the Ninth Circuit explained in an unpublished decision: "[t]his is not a situation in which
16 the government introduces a translator's out of court statements as those of the defendant.
17 Instead, [the witness] testified directly to what Appellant told him." *United States v.*
18 *Gonzales-Nunez*, 8 F.3d 31, 1993 WL 394898, at *3 (9th Cir. 1993) (unpublished table
19 decision). Because Agent Galaz testified as to what Mateo-Martinez told him directly
20 and because Mateo-Martinez's statements were statements of a party-opponent under
21 FRE 801(d)(2)(a), the statements were not hearsay.

22       Mateo-Martinez also argues that Agent Galaz's testimony in English regarding
23 Mateo-Martinez's Spanish-language statements was inadmissible because it was expert
24 testimony by a lay witness. ECF No. 66 at 25-27. But like other courts in this district,
25 the Court does not find this convincing, especially under the abuse of discretion and plain
26 error standards. *See Lucas-Hernandez*, 2022 WL 1556161, at *5; *Zepeda-Rodriguez*,
27
28

2022 WL 1289691, at *6; *Rios-Bautista*, 2023 WL 4280795, at *3. Agent Galaz testified only to his personal knowledge of Mateo-Martinez's statements; he did not rely on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a); *see Lucas-Hernandez*, 2022 WL 1556161, at *5. In any case, even if there were an error, it was not plain and it did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Pelisamen*, 641 F.3d 399, 404 (stating the plain error standard); *Rios-Bautista*, 2023 WL 4280795, at *3.

The Court therefore holds that Agent Galaz's testimony regarding Mateo-Martinez's statements was properly admitted, and even if it was not, its admission was not plain error.

### IV. The Government provided sufficient evidence to prove that Mateo-Martinez's improper entry occurred "on or about August 14, 2019."

Mateo-Martinez contends that the Government failed to provide sufficient evidence to show that Mateo-Martinez improperly entered "on or about August 14, 2019" as charged in the complaint, ECF No. 1 at 1. ECF No. 66 at 27-28. Although the date is not an element of the offense, the Government must prove that the defendant committed the offense "on a date reasonably near the one alleged in the indictment[.]" *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences," any rational trier of fact would have found defendant guilty beyond a reasonable doubt. *United States v. Shea*, 493 F.3d 1110, 1114, 1118 (9th Cir. 2007) (citation omitted) (treating the issue of whether the crime occurred reasonably near the date alleged in the charging document as a sufficiency of the evidence claim).

The Government presented evidence that Agent Galaz apprehended Mateo-Martinez on August 14, 2019, ECF No. 66-1 at 5, but did not present any direct evidence regarding his border crossing, *id.* (absence). Mateo-Martinez argues the Government has

therefore failed to carry its burden to show Mateo-Martinez committed the offense of attempted improper entry reasonably near to August 14, 2019.  ECF No. 66 at 28.  The Government responds that not only did it make that showing, but that, even if it did not, the error was harmless because "the complaint . . . more than adequately apprised Mateo[-Martinez] of the charges against him, and there is no danger of double jeopardy." ECF No. 68 at 26-27.

The Government's evidence was sufficient such that a rational trier of fact could find that Mateo-Martinez improperly entered the U.S. "on or about August 14, 2019," especially when viewing the evidence in the light most favorable to the prosecution.  *See Shea*, 493 F.3d at 1114 (stating the standard of review for a sufficiency of the evidence challenge).  Agent Galaz found Mateo-Martinez hiding in a bush in a remote area about two miles from the U.S.-Mexico border on August 14, 2019.  ECF No. 66-1 at 9, 13-14.  The area was often used by individuals crossing the border improperly and there were no paved roads or marked trails in the vicinity of where Mateo-Martinez was hiding.  *Id.* at 10-12.  The combination of these factors make it possible for a rational factfinder to find beyond a reasonable doubt that Mateo-Martinez had entered the country within roughly a day, or even a few hours, of when he was apprehended.  The Government therefore sufficiently proved that Mateo-Martinez entered reasonably near August 14, 2019.

### V. 8 U.S.C. § 1325 does not violate the Fifth Amendment's equal protection clause.

Finally, Mateo-Martinez argues that 8 U.S.C. § 1325 violates the Fifth Amendment's equal protection guarantee.  ECF No. 66 at 28.  He acknowledges that the Ninth Circuit recently rejected this argument in *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1138 (9th Cir. 2023), but "maintains that [*Carrillo-Lopez*] was wrongly decided and preserves the relevant arguments in the event that *Carrillo-Lopez* is overturned by a

higher court." ECF No. 66 at 28. As this Court is bound by the Ninth Circuit's decision, it must reject this argument.

## CONCLUSION

For the reasons stated above the Court AFFIRMS Mateo-Martinez's conviction.

**IT IS SO ORDERED.**

Dated: January 10, 2024

Hon. Gonzalo P. Curiel
United States District Judge